UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE: MARK CHAPMAN           )          2:11-mc-00030-JAW

**ORDER ON MOTION TO FILE ACTION BY AUDIO AND FOR AN AUDIO COPY OF THE COURT RULES**

On February 16, 2011, Mark Chapman, acting *pro se*, filed the following motion with the Court:

> My name is Mark Chapman at the above-address, phone number [deleted]. I am a blind person authorized under Federal law. I have requested of this Court exhaustively, that the U.S. District Court provide me a means of not only filing an action, but a means of communicating with the Court remotely by audio, either analog or digitally. In my view, the U.S. District Court is in violation of its own laws promulgated under either the Americans with Disabilities Act, Section 508 of the Rehabilitation Act, or other Federal laws, describing communications prohibiting discrimination to and with the blind. The last time and every time I have requested audio, or to file an action on audio, with the U.S. District Court, my requests were refused by the Executive Clerk of said Court. Said Court Clerk insisted and demanded that my initial request to file an action in said Court be submitted in writing, even though I impassionately and assertively commented telephonically "that I was a blind person," and "could not read or write." Also, my request for digital audio instructions of the said Court's promulgated rules has been unequivocally denied by both Clerks and Supervisors. This is my initial request to file an action on audio, and a demand for the promulgated rules of the U.S. Court.

*Mot. to File Action on Audio and to Req. for Digital Audio Instructions of the Promulgated Rules of the Ct.* (Docket # 1).

First, Mr. Chapman is incorrect in asserting that the United States District Court is violating the Americans with Disabilities Act (ADA), the Rehabilitation Act, or other unnamed federal laws. The ADA and the Rehabilitation Act do not apply to the judicial branch of Government. The ADA does not cover the federal

government at all; the ADA defines "employer" to exclude "the United States." 42 U.S.C. § 12111(5)(B)(i). *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (stating that "the entire federal government is excluded from the coverage of the ADA"). The Rehabilitation Act applies to the federal Government but not the United States Courts. By its terms, the Rehabilitation Act applies only to "[e]ach department, agency, and instrumentality . . . in the executive branch and the Smithsonian Institution." 29 U.S.C. § 791(b). The Rehabilitation Act does not cover the judicial branch. *Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 64 (D.D.C. 2006). Mr. Chapman has not cited any other specific federal law applicable to his request and the Court is aware of none.

With this said, it has long been the policy of this District to attempt to accommodate those individuals who have disabilities, including blind or sight impaired persons. As a matter of policy, the Court differentiates between communications it sends to individuals and documents that individuals send to it. For the former, the Court makes an effort to transmit any of its communications in a form that can be understood, so long as the task is reasonably appropriate and not unduly burdensome; for the latter, it is the sender's obligation to transmit his or her communications to the Court in writing. In 2007, when Mr. Chapman requested the right to file a civil case in audio, the Court accommodated him by allowing him to submit an audio tape, not to exceed ten minutes in length, so long as it was accompanied by a written proposed complaint. This same accommodation is still available for Mr. Chapman.

2

As regards Mr. Chapman's request for an audio version of the federal rules, the rules, including the federal civil rules, both at the appellate and district level, and the District's local rules, are voluminous and intricate and the production of an audio version of those rules would be unduly burdensome for this District.

The Court DENIES Mark Chapman's Motion to File on Audio and to Request Digital Audio Instructions of the Promulgated Rules of the Court (Docket # 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2011